UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUEONTAY DL CHAPMAN,

            Plaintiff,

v.                                          Case No. 26-cv-57-pp

LT. EMANUEL, *et al.*,

            Defendants.

**ORDER DENYING PLAINITFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

Plaintiff Queontay DL Chapman, who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed this lawsuit. See 28 U.S.C. §1915(h). Under the PLRA, an incarcerated person may not bring a civil lawsuit or appeal a civil judgment without prepaying the filing fee:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). This is commonly known as the "three-strikes" provision; under it, an incarcerated individual is said to have "struck out" once he has accrued three strikes under this section.

1

Court records show that the plaintiff has accumulated five strikes: (1) Chapman v. Milwaukee Cnty. Jail, Case No. 25-cv-1611-BHL (E.D. Wis.) (dismissed as frivolous on December 12, 2025); (2) Chapman v. Milwaukee Cnty. Jail, Case No. 25-cv-1612-BHL (E.D. Wis.) (dismissed as frivolous on December 12, 2025); (3) Chapman v. Milwaukee Cnty. Jail, Case No. 25-cv-1668-BHL (dismissed as frivolous on December 12, 2025); (4) Chapman v. Dantzler, Case No. 25-cv-1588-BHL (dismissed for failure to state a claim and as frivolous on December 12, 2025); and (5) Chapman v. Milwaukee Cnty. Jail, Case No. 25-cv-1760-BHL (E.D. Wis.) (dismissed as frivolous on December 12, 2025).

Further, although the claims in the instant complaint are difficult to follow, the plaintiff has not alleged any facts showing that he is in imminent danger of serious physical injury. He primarily complains of events that occurred before he was confined in the jail. The plaintiff states that a lieutenant and police officers assisted the victim in the plaintiff's criminal case in stalking the plaintiff when he was running into a bar; the lieutenant and the victim robbed and stole from the plaintiff; the plaintiff is fighting his case without a lawyer; Sergeant Dantzler watches the plaintiff on camera when the plaintiff covers his mouth when talking and then Dantzler does the same; the plaintiff has not received the vegan tray he requested; they are putting black mold on his medicine and food; the prisons are "screwing up" classification to start fights for the plaintiff's child's mother's federal workers; the workers in the building know who causes problems and steals information but they let

2

them do it; and judges are nosy and expose private information. Dkt. No. 1 at 2-3. None of these allegations demonstrate that the plaintiff is in imminent danger of serious physical injury, so the plaintiff is not eligible for the "imminent danger of serious physical injury" exception to the "three strikes" provision under 28 U.S.C. §1915(g), which means that before he can proceed with this lawsuit he must pay the civil case filing fee in full.

The court **DENIES** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that if he wants to proceed with this case, the plaintiff must pay to the Clerk of Court the full $405 civil case filing fee in time for the court to *receive it* by the end of the day on **February 20, 2026**. The court will not take further action on this case unless and until it receives the full $405 filing fee. If the court does not receive the full $405 filing fee by the end of the day on February 20, 2026, the court will dismiss this case without prejudice and without further notice.

The court will send a copy of this order to: Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

Dated in Milwaukee, Wisconsin this 23rd day of January, 2026.

BY THE COURT:

HON. PAMELA PEPPER
**Chief United States District Judge**